ELISHA RUCKMAN, PLAINTIFF IN ERROR, v. WILLIAM BERGHOLZ, DEFENDANT IN ERROR.

1. In an action brought by B., an agent, to recover compensation from R. for services in selling real estate of the latter, the defendant pleaded the general issue, and that, at the time of the sale, B. was interested as a partner with the purchaser procured; B. admitted that he had acquired an interest in the property after the sale, but denied that he had an interest in it at the time of the sale. On the trial below, R. offered evidence in respect to the price received by B. for his interest in the property at a sale thereof made by the latter three years after the sale, for which compensation was claimed in the suit. The evidence was offered for the purpose of showing that B. was, at the time of the last mentioned sale, a partner in the purchase made thereat—— *Held*, that the exclusion of the testimony was not error.

2. When there is an agreement to pay money, but no time is limited for the payment, interest is payable from the time when the money becomes due.

3. When an agent has been employed to sell land at no fixed rate of compensation, the jury are to fix the value of his services in the premises from the work done, and in fixing the amount, the amount usually paid professional land brokers for such services, may be taken into consideration.

In error.

This case was tried before Justice Reed and a jury, at the April Term, 1875, of the Bergen Circuit. A verdict having been rendered for the plaintiff, and judgment entered thereon, a writ of error was brought to this court.

For the plaintiff in error, *Vanatta*, Attorney-General.

For the defendant in error, *Cortlandt Parker*.

The opinion of the court was delivered by

THE CHANCELLOR. The writ of error brings up again the record in this cause which was before us at March Term, 1874, (*Ruckman* v. *Bergholz*, 8 *Vroom* 437,) with the proceedings and verdict upon the trial which subsequently took place

in pursuance of the *venire de novo* then ordered.   The action is *assumpsit*, brought to recover compensation for the sale, by Bergholz, as agent for Ruckman, for certain land of the latter. The defendant pleaded the general issue, and that, at the time of making the sale in respect of which the compensation is claimed, Bergholz was interested as a partner with the purchaser he procured.   The verdict is in favor of the plaintiff. Ruckman assigns thirteen errors.   Those which are relied on are the following :   The alleged exclusion of evidence offered by Ruckman as to the price received by Bergholz for his interest in the property, which interest he claimed to have acquired after the sale made by him as agent of Ruckman ; the refusal to charge that Bergholz, if entitled to recover, was not entitled to recover interest, except from the time of the commencement of the suit ; the refusal to charge that the first contract of employment between the parties, which was for a commission of two and a-half per cent. on the price of the property, if sold at the price then fixed—$225 an acre—was abandoned, when, as Bergholz alleged, a subsequent agreement to pay him five per cent., in case he should find a purchaser at $275 an acre was made, and that, if the jury should find that such subsequent agreement was not, in fact, made, they should find a verdict in favor of Ruckman ; the refusal to charge that Bergholz, who was not pursuing the business of a land broker or real estate agent, could not reasonably or justly be allowed the commissions usually allowed to such agents or brokers, and the refusal to admit evidence that Bergholz had no license as a land broker or real estate agent from the United States government, and had paid no tax as such to that government.

As to the alleged exclusion of evidence in respect to the price received by Bergholz for his interest in the property : This evidence was offered for the purpose of showing that he was, at the time of the sale, a partner with the purchaser in the purchase.   Evidence as to his interest in the property, at the time when he acquired it, and its value at that time, was admitted, but evidence as to what he received for it when he

Ruckman v. Bergholz.

sold it, which was three years after the sale by him as agent of Ruckman, was rejected, except as the fact appeared by the consideration expressed in the instrument of assignment by which he conveyed away his interest on the sale thereof. That instrument was received in evidence. No evidence as to the fact or extent of his interest in the property, at the time of the sale by him as agent of Ruckman, or as to the value of that interest at that time, was excluded. The exclusion complained of in this connection, was of evidence of the price he received for it on a sale made three years afterwards. So far as the price was shown by the instrument of assignment, the evidence was admitted. Ruckman desired to go further, and show by evidence *de hors* the assignment, what that price actually was. There was no error in refusing to permit him to do so. The price at which he sold his interest in 1871, would not be even presumptive evidence of the value of the interest in 1868, and it was clearly within the discretion of the judge to reject the proffered testimony.

As to the error assigned, on the refusal to charge that Bergholz, if entitled to recover, was entitled to interest only from the time of the commencement of the suit, it is enough to say that it is in accordance with the opinion of this court in this cause on the former writ of error. The case, as presented to us now, differs in no wise in this respect from the case as it then appeared. It was there held that Bergholz was entitled to his money as soon as it had been earned—that is, that he was entitled to it as soon as the contract between the purchaser and Ruckman was signed, and that he was entitled to interest upon it in this suit from that time. The general rule is that where there is an agreement to pay money, but no time is limited for the payment, interest is payable from the time when the money becomes due. *Scudder* v. *Morris*, 2 *Penn.* 419 ; *Rogers* v. *Colt*, 1 *Zab.* 18 ; *Metler* v. *E. & A. R. R. Co.*, 8 *Vroom* 222 ; *Selleck* v. *French*, 1 *Am. Lead. Cas.* 500. There may be circumstances which will render the application of the rule inequitable, and by which it will be controlled, but it does not appear that in this case the attention of the

judge was called to any such circumstances.   There was no error in the refusal under consideration.

The refusal to charge that if the jury were satisfied that the agreement testified to by Bergholz, for a commission of five per cent. on the sale of the property at $275 an acre, was not, in fact, made, they should find a verdict in favor of Ruckman, was not an error.   The position of the plaintiff in error on this point is, that Bergholz, by testifying that such an agreement was made, testified in effect to the abandonment of the original agreement for two and a-half per cent. on the price of $225 an acre, and that if the agreement for five per cent. was not, in fact, made, he, for his falsehood, should have been denied a recovery in the suit.   Otherwise stated, the request was, substantially, that the judge should declare, as matter of law, that if Bergholz had testified untruly in reference to the subsequent agreement, he should be punished in the verdict by forfeiture of his entire claim in suit.   The proposition needs only to be stated to make manifest its infirmity.   The proof of the original agreement did not rest on the testimony of Bergholz alone.   There was corroboration of his testimony as to that agreement, and, therefore, if Bergholz was mistaken as to the terms of the subsequent agreement, there was still proof of the original agreement.   Besides, the subsequent agreement did not, necessarily, supersede the original one. It was merely for a higher commission on a higher price. Clearly, there was no error in the refusal under consideration.

Nor was there error in the refusal to charge that Bergholz, who was not a land agent or real estate broker, was not entitled to the commissions usually allowed to such agents or brokers.   The charge on this subject was, that if the jury should find a general employment, with no rate of compensation mentioned, then they would find the amount which the labor and services of Bergholz in causing and procuring a sale were reasonably worth, and that in estimating the value of such labor and services, they must not consider Bergholz a professional broker; that the employment of Bergholz by Ruckman under those circumstances would raise no implied promise

Ruckman v. Bergholz.

to pay any ordinary rate of commissions, and the jury were, therefore, not to take the ordinary rate of commissions payable to brokers as conclusive of the amount which Bergholz would be entitled to, but that rate might be considered with other evidence and circumstances in making up the verdict as to the actual value of the labor and services of Bergholz, considering him as an ordinary agent. There was no warrant for a charge that the jury should, if they found that Bergholz was entitled to recover, find an amount of compensation less than that usually allowed to professional land brokers or real estate agents for the like services. They were, indeed, at liberty to do so, and so the judge charged. The charge instructed them that they were not, if they found that Bergholz had been employed, but at no fixed rate of compensation, and had rendered the service, to assume that he was, of course, entitled to the rate of compensation usually accorded to professional land brokers or real estate agents, but that they were to consider and determine the value of his services in the premises from the work done, and in fixing the amount, the amount usually paid to professional land brokers for such services might be taken into consideration.

The remaining assignment of error is upon the refusal to admit evidence of the fact that Bergholz had no license from the United States government as a land broker or real estate agent, and had paid no revenue tax as such. In the opinion of this court before referred to, that matter was considered and adjudged.

The judgment should affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, WOODHULL, CLEMENT, DODD, LILLY, WALES—9.

*For reversal*—None.